Gaber FARAG, Petitioner

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

Nos. 08–2551, 09–3951.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 4, 2011.

Opinion filed: Jan. 5, 2011.

John D. Perez, Esq., Perez, Perez & Perez, Newark, NJ, for Petitioner.

Richard M. Evans, Esq., Christina B. Parascandola, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

---

Before: McKEE, Chief Judge, SMITH and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Gaber Farag petitions for review of two decisions of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petitions for review.

Farag, a native of Egypt, entered the United States in 1997 as a visitor. On April 22, 2003, Farag was charged as removable for overstaying his admission period. Farag conceded removability and applied for withholding of removal and relief under the Convention Against Torture (CAT). Farag argued that he had been persecuted in Egypt because he was a teacher who spoke to his students about world events. After a hearing, an Immigration Judge (IJ) denied relief and ordered Farag removed to Egypt. On April 30, 2008, the BIA dismissed the appeal. Farag filed a petition for review which was docketed at C.A. No. 08–2551.

On April 15, 2009, Farag filed a motion to reopen with the BIA. He argued that his circumstances had changed because he was the beneficiary of an approved alien relative petition with a current priority date. The BIA denied the motion as untimely. It also concluded that Farag's eligibility for adjustment of status did not constitute an exceptional situation that warranted *sua sponte* reopening. Farag filed a petition for review which was docketed at No. 09–3951.

*Motion to reopen*

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for an abuse of discretion. *Filja v. Gonzales,* 447 F.3d 241, 251 (3d Cir.2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft,* 290 F.3d 166, 174 (3d Cir.2002). An alien may file a motion to reopen with the BIA "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i).

The BIA denied Farag's motion to reopen as untimely. While Farag discusses the merits of the motion to reopen, he fails to explain why his motion to reopen should have been considered timely. He does not argue that his motion was timely under any exception to the 90–day deadline. Farag's eligibility to adjust his status does not constitute an exception to the deadline for motions to reopen. Farag has not demonstrated that the BIA abused its discretion in denying his motion to reopen as untimely.

*Withholding and CAT claim*

To be eligible for withholding of removal, Farag must demonstrate that it is more likely than not that his life would be threatened in Egypt on account of race, religion, nationality, membership in a particular social group, or political opinion. *Tarrawally v. Ashcroft,* 338 F.3d 180, 186 (3d Cir.2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for relief under the Convention Against Torture, Farag must demonstrate that it is more likely than not that he would be tortured if removed to Egypt. 8 C.F.R. § 208.16(c)(2). We may not reverse the BIA's decision unless the record evidence would compel a reasonable factfinder to conclude that Farag had met his burden. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Farag argues that he is certain he would be in imminent danger of torture if removed to Egypt because he is a member of the teaching profession and he altered his passport to leave Egypt. However, he points to no evidence in the record to support this contention. Farag states that because he tutored students and encouraged the discussion of topics other than

mathematics in his classroom, he was threatened by school administrators with a transfer to a remote rural school. He asserts that this would result in a pay decrease and his being away from his family and that he could not survive under such threats. In *Li v. Attorney General*, 400 F.3d 157, 168 (3d Cir.2005), we held that "the deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution." Here, there is nothing in the record to support Farag's claim that the possible pay decrease would threaten his life or freedom.[1] The record does not compel, or even support, a finding that Farag will more likely than not be persecuted or tortured if removed to Egypt.

For the above reasons, we will deny the petitions for review.

1.  Farag also argues that he will be persecuted as a member of the social group consisting of teachers. However, Farag never argued before the BIA that he was a member of a social group; thus, he has not exhausted his administrative remedies, and we lack jurisdiction over that claim. *See* 8 U.S.C. § 1252(d)(1).